## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| **LUCILA AGUILAR CARRILLO** | \* | |
| | \* | |
| **Plaintiff,** | \* | |
| | \* | **CASE NO: 1:23-cv-423** |
| v. | \* | |
| | \* | |
| **RALPH W. CRONIN, JR.  and** | \* | |
| **VRBO HOLDINGS, INC. f/k/a** | \* | |
| **HOMEAWAY HOLDINGS, INC.** | \* | |
| | \* | **JURY TRIAL DEMANDED** |
| **Defendants.** | \* | |
| | \* | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, Lucila Aguilar Carrillo, by and through her attorneys,

*Waystack Frizzell, Trial Lawyers*, and hereby alleges as follows:

## PARTIES AND JURISDICTION

1. Lucila Aguilar Carrillo ("Mrs. Aguilar Carrillo") is a resident of the City of Warwick,

   County of Kent, and State of Rhode Island, with a mailing address of 15 Hepburn Street,

   West Warwick, RI 02893.

2. Ralph W. Cronin, Jr. ("Mr. Cronin") is a resident of the Town of Conway, County of

   Carroll, and State of New Hampshire, with a mailing address of PO Box 1125, North

   Conway, New Hampshire 03860.

3. VRBO Holdings, Inc. ("VRBO") is a business corporation formed in the State of

   Delaware. National Registered Agents, Inc., 160 Greentree Dr. Suite 101, Dover,

   Delaware 19904 is the registered agent for VRBO. VRBO's principal place of business is

   located at 11800 Domain Boulevard #300, Austin, Texas 78758.

4. VRBO is not registered to do business in the State of New Hampshire but yet does active, continuous, and substantial business in the State of New Hampshire.

5. Plaintiff alleges an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the plaintiff and each defendant.

7. To recap, the plaintiff is a resident of the State of Rhode Island, the defendant Mr. Cronin is a resident of the State of New Hampshire, and VRBO is a resident of the States of Delaware and Texas.

**ALLEGATIONS OF FACT**

8. On September 3, 2021, Ralph W. Cronin, Jr. was the owner of commercial real estate located at 64 Kearsarge Road, North Conway, New Hampshire 03860 ("the Property").

9. Upon information and belief, on September 3, 2021, several businesses were being operated out of the Property, including a massage therapy business, a bakery, a hair salon, and a vacation rental home.

10. On September 3, 2021, Mrs. Aguilar Carrillo, her husband, and several family members arrived at the Property for vacation. The family had booked the vacation rental home portion of the Property through the vacation rental website, vrbo.com.

11. Mrs. Aguilar Carrillo and her husband were the last of the family members to arrive to the Property, arriving in the evening at approximately 9:00 p.m.

12. The family members who had already arrived at the Property, informed Mrs. Aguilar Carrillo and her husband that their bedroom was on the second floor.

13. Mrs. Aguilar Carrillo and her husband walked up the internal stairway within the rental home to the second floor to find their bedroom.

14. Mrs. Aguilar Carrillo opened the door to the first bedroom at the top of the internal stairs and found it lighted and occupied; she then went on to the next sequential bedroom in the hallway and found that it too was lighted and occupied. Mrs. Aguilar Carrillo checked each room, finding each occupied with persons and/or belongings, until she reached the final doorway at the end of the second-floor hallway. Because this was the last door on the second floor and all other rooms had appeared occupied, Mrs. Aguilar Carrillo assumed this was her and her husband's assigned room.

15. When Mrs. Aguilar Carrillo reached the last door, at the end of the second-floor hallway, she opened the door just as she had done with the previous four rooms. The room was pitch-black dark, and there was no light switch outside the door. Mrs. Aguilar Carrillo then carefully stepped into the room as she rubbed her hand against the left inside wall searching for a light switch, to no avail. There was no light switch on the left inside wall of the room.

16. As Mrs. Aguilar Carrillo carefully stepped further into the room to reach behind the door in search for a light switch, she suddenly felt her left foot roll on a step causing her to fall violently down stairs to the next landing.

17. As it turns out, this particular door did not lead to a bedroom at all but rather it led to a dark stairwell within the commercial side of the property with no illumination, no light switch accessible inside or outside the door, and no appropriate hand rail on which to hold on. The dark stairwell and commercial space were not part of the rented vacation premises.

18. As a result of Mrs. Aguilar Carrillo's fall down the stairs, Mrs. Aguilar Carrillo suffered

significant and severe injuries, including but not limited to an open fracture of her left

distal tibia and a displaced left distal fibula fracture, along with other injuries as more

fully set forth below.

**COUNT I—NEGLIGENCE (DEFENDANT RALPH W. CRONIN, JR.)**

19. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

20. At all times material hereto, Ralph W. Cronin, Jr., as the owner of the Property (a

commercial use building), had a non-delegable duty to properly maintain his premises

(including the interior walkways, stairways, and railings) in a reasonably safe manner, to

properly illuminate internal walkways and stairways, to provide handrails at appropriate

heights and locations for all stairways, to ensure that any and all doors that are not part of

the vacation home were secured and/or locked, to provide warnings for any and all

hazards, and maintain the Property in conformity with the local and state buildings codes

as well as the common law of the State of New Hampshire, so as not to endanger the

lives and safety of those who used the interior walkways and stairways on the Property

such as Mrs. Aguilar Carrillo.

21. Specifically, Mr. Cronin had a duty to ensure that all spaces open and available to his

rental guests were safe and illuminated.

22. Yet, nevertheless, Mr. Cronin breached his duties to Mrs. Aguilar Carrillo in that he

failed to lock or secure the door at the end of the hallway that led to the stairway and

commercial side of the Property, failed to warn persons such as Mrs. Aguilar Carrillo of

the dangers behind the unlocked door, failed to provide appropriate illumination in the

entry way to and on the stairs, failed to provide appropriately placed handrails along the

4

stairway, and failed to comply with the building codes adopted by the State of New

Hampshire, all to the detriment of Mrs. Aguilar Carrillo.

23. As a direct and proximate result of the negligence of Mr. Cronin, Mrs. Aguilar Carrillo

tripped and fell down stairs on Mr. Cronin's premises and sustained severe, painful, and

permanent injuries, including, without limitation, an open fracture of her left distal tibia

and a displaced left distal fibula fracture and other injuries, requiring Mrs. Aguilar

Carrillo to incur hospital, surgical, and other medical care and expenses (past, present,

and future), lost wages (past, present, and future), physical and mental pain and suffering

(past, present, and future), temporary and permanent impairment, loss of enjoyment of

life/hedonic damages (past, present, and future), mileage and transportation expenses, and

other injuries and losses.

24. Said losses are all to the damage of Mrs. Aguilar Carrillo, as she says, in serious and

substantial amounts within the jurisdictional limits of this Court.

25. Wherefore, Mrs. Aguilar Carrillo demands a trial by jury and an award of damages from

Defendant Ralph W. Cronin, Jr.

**COUNT II—NEGLIGENCE (DEFENDANT CRONIN—SPECIAL RELATIONSHIP)**

26. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

27. At all times material hereto, Ralph W. Cronin, Jr., as the owner and host of the rental

property, had an affirmative duty to take steps to discover hazardous conditions that

existed on the Property, to take affirmative steps to protect his rental guests, and to know

and understand the potential hazards on the Property and how those potential hazards

may be dangerous to vulnerable, dependent rental guests.

28. Yet, nevertheless, Mr. Cronin breached his duties to Mrs. Aguilar Carrillo in that he failed to ensure that the door to the dark hazardous commercial stairway was secure, failed to take into account that his rental guests, such as Mrs. Aguilar Carrillo, would be unfamiliar with the Property, having never been to the Property before, and otherwise failed to ensure the safety of his rental guest, Mrs. Aguilar Carrillo.

29. As a direct and proximate result of the negligence of Mr. Cronin, Mrs. Aguilar Carrillo tripped and fell down stairs on Mr. Cronin's premises and sustained severe, painful, and permanent injuries, as described above.

30. Said losses are all to the damage of Mrs. Aguilar Carrillo, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

31. Wherefore, Mrs. Aguilar Carrillo demands a trial by jury and an award of damages from Defendant Ralph W. Cronin, Jr.

## **COUNT III—NEGLIGENCE (DEFENDANT VRBO HOLDINGS, INC.)**

32. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

33. At all times material hereto, VRBO, as the commercial vacation rental company that advertised, listed, and rented the Property to rental guests, had a duty to inspect the Property to ensure that the Property was reasonably safe, free from hazards, and maintained in conformity with the common law of the State of New Hampshire, and to take steps reasonable and necessary to assure the public who would be using the properties that it rents, for profit, of the general safety of its rented premises, so as not to endanger the lives and safety of those who used the interior walkways and stairways on the Property such as Mrs. Aguilar Carrillo.

34. Yet, nevertheless, VRBO breached its duties to Mrs. Aguilar Carrillo in that it failed to inspect the Property and/or to ensure that the Property that it advertised and rented to Mrs. Aguilar Carrillo's family was reasonably safe and free from hazards and, nonetheless, rented the Property to Mrs. Aguilar Carrillo's family in its hazardous condition.

35. As a direct and proximate result of the negligence of VRBO, Mrs. Aguilar Carrillo tripped and fell down stairs on the Property and sustained severe, painful, and permanent injuries, as described above.

36. Said losses are all to the damage of Mrs. Aguilar Carrillo, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

37. Wherefore, Mrs. Aguilar Carrillo demands a trial by jury and an award of damages from Defendant VRBO Holdings, Inc.

**COUNT IV—NEGLIGENCE (DEFENDANT VRBO—SPECIAL RELATIONSHIP)**

38. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

39. VRBO, as a nationwide rental agency, is in a much greater position than the plaintiff to assess the relative risks and dangers of properties rented out to the general public, such as the property in this case, and to implement appropriate safeguards and safety measures in relation thereto.

40. Yet, nevertheless, VRBO breached these duties because, upon information and belief, it took no action to assess the general safety of the premises that it rented.

41. As a direct and proximate result of the negligence of VRBO, Mrs. Aguilar Carrillo tripped and fell down stairs on the Property and sustained severe, painful, and permanent injuries, as described above.

42. Said losses are all to the damage of Mrs. Aguilar Carrillo, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

43. Wherefore, Mrs. Aguilar Carrillo demands a trial by jury and an award of damages from Defendant VRBO Holdings, Inc.

**WHEREFORE, PLAINTIFF, LUCILA AGUILAR CARRILLO, RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT:**

A. Grant her a trial by jury and an award of damages from Defendant Ralph W. Cronin, Jr.;

B. Grant her a trial by jury and an award of damages from Defendant VRBO Holdings, Inc.;

C. Grant her prejudgment interest and all taxable costs; and

D. Grant her such other and further relief as may be just and equitable.

<blockquote>
Lucila Aguilar Carrillo<br>
By her attorneys<br>
*Waystack Frizzell, Trial Lawyers*
</blockquote>

Dated: September 7, 2023                          /s/Rebecca A. Witmon_____
                                                  Rebecca A. Witmon, Esquire
                                                  N.H. Bar No. 269539
                                                  133 Main Street, PO Box 507
                                                  Lancaster, NH 03584
                                                  (603) 788-4244
                                                  rebecca@waystackfrizzell.com